IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:24-cr-00072

ALEXIS NICOLE DAVIS

**MEMORANDUM OPINION AND ORDER**

Pending before the court are two Motions to Seal, [ECF Nos. 13, 15], filed by the Defendant, Alexis Nicole Davis. In the first motion to seal, Ms. Davis asks the court to seal her Sentencing Memorandum, [ECF No. 13-1]. In the second motion to seal, Ms. Davis asks the court to seal her Supplemental Sentencing Memorandum, [ECF No. 16]. As both motions raise substantially the same issues, I will dispose of them together. Both motions are **DENIED.**

I.  Factual Background

On May 2, 2024, Alexis Nicole Davis, with counsel, J. Timothy DiPiero, appeared before United States District Judge Joseph R. Goodwin for a guilty plea hearing. The defendant pled guilty to possession with intent to distribute a quantity of fentanyl, as charged in the single-count Information. [ECF No. 8]. Thereafter, the court ordered that each party file a sentencing memorandum "offer[ing] any evidence or argument related to a requested sentence or sentencing range in light of *Gall v. United States*,

552 U.S. 38 (2007)." [ECF No. 10]. Ms. Davis now asks the court to seal both her Sentencing Memorandum, [ECF No. 13-1] and her Supplemental Sentencing Memorandum, [ECF No. 16]. She bases this request on the personal and medical information contained within both documents. *Id.*

## II.   Legal Standard

"Public access to the courts has long been a fundamental tenant [sic] of American democracy, helping to ensure that our system of justice functions fairly and that citizens can observe the actions of their government." David S. Ardia, *Privacy and Court Records: Online Access and the Loss of Practical Obscurity*, 2017 U. Ill. L. Rev. 1385, 1391 (2017). Adhering to this ideology, "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'n*, 435 U.S. 589, 597 (1978) (footnote omitted). There are many benefits in allowing the public to inspect court documents and attend court hearings. For example, it "fosters the important values of quality, honesty and respect for our legal system." *In re Providence J. Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002). It also "curb[s] judicial abuses, and [provides] the public with a more complete understanding of the judicial system, including a better perception of fairness." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Public access to the courts and their records also allows "the public [to] judge the product of the courts in a given case." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Id.* (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "The distinction between the rights of access afforded by the common law and the First Amendment is 'significant,' because the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (citations omitted). Thus, "the common law does not provide as much access to the press and public as does the First Amendment." *Id.* (footnote omitted). Regardless of whether the right of access arises from the common law or the First Amendment, however, it may only be abrogated in "unusual circumstances." *Id.* at 576.

Under the common law, there is a presumption that the public has a right "to inspect and copy *all* judicial records and documents." *Id.* at 575 (emphasis added) (internal quotation marks omitted). This presumption "can [only] be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). When determining whether the presumption is rebutted, the court must apply a balancing test in which it weighs several factors "includ[ing] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the

information contained in the records." *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253.

### III. Discussion

Here, Ms. Davis filed both motions to seal and emphasizes that sealing is imperative due to the very personal information, medical conditions, and other confidential information present in the filed documents.

Since Ms. Davis is seeking to seal documents filed in connection with his sentencing hearing, she must overcome the First Amendment's right of access. *See In re Wash. Post Co.*, 807 F.2d at 390. Under the First Amendment, access to these documents "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest,'" *Doe*, 749 F.3d at 266. The defendant "must present specific reasons in support of [her] position." *Va. Dep't of State Police*, 386 F.3d at 575. "The First Amendment right of access cannot be overcome by [a] conclusory assertion." *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 15 (1986)

Ms. Davis has failed to overcome this burden. Neither motion, [ECF Nos. 13, 15], contains enough information for me to find that there is a compelling government interest in sealing the documents, let alone that denial of public access is narrowly tailored enough to serve that interest. Additionally, one could imagine a myriad of

4

less drastic alternatives to sealing, including redaction, none of which are addressed here.

## IV.     Conclusion

As such, both Motions to Seal, [ECF Nos. 13, 15], are **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     September 4, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE